# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUIS FASULLO, | ) |
|         Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-cv-854-MJR |
| CAROLINA FASULLO, et al., | ) |
|         Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a prisoner in the Stateville Correctional Center, has filed a pro se civil complaint. The complaint is before the Court for a threshold review. *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (court's power to dismiss a case *sua sponte* "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid). Plaintiff, however, has not paid the required filing fee or filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In such instances, the Court would normally give a plaintiff an opportunity to submit a proper *in forma pauperis* motion or an opportunity to pay the full filing fee. But, Plaintiff Fasullo is not the typical *pro se* Plaintiff nor is the instant complaint the typical complaint about prison conditions. Instead, Plaintiff Fasullo is a "frequent filer" and the Court takes notice that Plaintiff Fasullo may not proceed *in forma pauperis* because he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see, e.g., Fasullo v. People of the United States*, Case No. 06-835-MJR (S.D. Illinois, dismissed as frivolous March 26, 2007); *Fasullo v. Burns*, Case No. 06-836-GPM (S.D. Illinois, dismissed for failure to state a claim April 20, 2007); *Fasullo v. Fasullo*, Case No. 07-100-MJR (S.D. Illinois, dismissed as frivolous February 14, 2007); and *Fasullo v. People of the United States*, Case No. 07-116-MJR (S.D. Illinois, dismissed as frivolous March 26, 2007). Further, the allegations in the instant complaint do not show that Plaintiff Fasullo is under imminent danger of serious physical injury. Consequently, there is little reason to afford Plaintiff Fasullo an opportunity to file a proper motion to proceed *in forma pauperis*.

Plaintiff Fasullo, therefore, has only one viable option to proceed with this action: pay the $350 filing fee. The Court warns Plaintiff Fasullo, however, that the allegations in the instant complaint appear to be identical to those asserted by Plaintiff Fasullo in *Fasullo v. Fasullo*, Case No. 07-100-MJR. That case was dismissed, **with prejudice**, as frivolous by this Court. It seems likely that if Plaintiff Fasullo pays the $350 filing fee for this case, then the instant complaint will be dismissed on principles of *res judicata*.

Also before the Court is Plaintiff Fasullo's motion to appoint counsel (Doc. 2). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all

whether Plaintiff Fasullo has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff Fasullo's motion to appoint counsel (Doc. 2) is **DENIED** without prejudice.

Finally, Plaintiff Fasullo has filed a motion for summary judgment (Doc. 4) and a motion 'to answer the Federal Question he has" (Doc. 5) Given the posture of this case, Plaintiff Fasullo's motion for summary judgment (Doc. 4) is premature and, therefore, is **DENIED** without prejudice. Also, Plaintiff Fasullo's motion "to answer the Federal Question" (Doc. 5) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED**.

**DATED this 2nd day of March, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
